UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SCALI,
On behalf of himself and
all others similarly situated,

       Plaintiff,

vs.

THINKDIRECT MARKETING GROUP,
INC., a/k/a or formerly known as AGORA
MARKETING SOLUTIONS, INC. a/k/a or
formerly known as SPECIAL DATA
PROCESSING CORPORATION a/k/a or
formerly known as NATIONAL MAGAZINE
EXCHANGE, BLACKSTREET CAPITAL
MANAGEMENT, LLC, THOMAS H.
RIPLEY, Individually, DENNIS CAHILL,
Individually, PAT DALL, Individually, and
DAVE MACEY, Individually,

       Defendants.

Case No.

_____/

**<u>NOTICE OF REMOVAL</u>**

Defendants, ThinkDirect Marketing Group, Inc., a/k/a or formerly known as Agora

Marketing Solutions, Inc., a/k/a or formerly known as Special Data Processing Corporation, a/k/a

or formerly known as National Magazine Exchange ("ThinkDirect"), Thomas H. Ripley, Dennis

Cahill, Pat Dall, and Dave Macey, (collectively "Defendants") by and through their undersigned

attorneys, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, file this Notice of Removal from the

Sixth Judicial Circuit Court in and for Pinellas County, Florida, in which the case is now

pending, to the United States District Court for the Middle District of Florida, Tampa Division,

and in support thereof would show:

1.      Plaintiffs commenced a civil action against Defendants in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, Civil Division styled *Michael Scali v. ThinkDirect Marketing Group, Inc. et al.,* Civil Action Number 14-004693-CI (the "Action").  A copy of all process, pleadings, and orders served and on file in this action are attached as Exhibits A and B, pursuant to 28 U.S.C. § 1446(a).

2.      Defendants were served with the Complaint on July 22, 2014.

3.      Pursuant to 28 U.S.C. §1446, Defendants have timely filed this Notice of Removal within thirty (30) days after service of the Complaint.

4.      Defendant Blackstreet Capital Management, LLC consents to the removal of this action to the United States District Court for the Middle District of Florida, Tampa Division and will file its notice of consent to removal separately with the Court.

5.      This Court has original jurisdiction over this Action by virtue of the existence of a federal question under 28 U.S.C. § 1331.  Further, the Middle District of Florida, Tampa Division embraces the place where the action is currently pending.  *See* Rules 1.02(b)(4), 4.02(a) Local Rules of the Middle District of Florida.  Thus, the action may be removed to this Court by Defendants pursuant to the provision of 28 U.S.C. § 1441.

6.      Plaintiffs have asserted a cause of action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.  (Complaint at ¶1).  The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 in that Plaintiffs have asserted claims under the laws of the United States.  Therefore, pursuant to 28 U.S.C. §1441, this action may be removed to this Court.

7.     Pursuant to 28 U.S.C. §1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida and served on the Plaintiffs in this action.

8.     By reason of the foregoing, Defendants hereby remove this action from the Sixth Judicial Circuit Court of Pinellas County, Florida, Civil Division to the United States Court for the Middle District of Florida, Tampa Division.

WHEREFORE, Defendants pray that the action be removed to this Court and that this Court accept jurisdiction of the action and henceforth that the action be placed on the docket of this Court for further proceedings, the same as though the action had originally been instituted in this Court.

Dated this 11th day of August, 2014.

Respectfully submitted,

_____/s/ Jonathan W. Oliff_____
Kevin E. Hyde, Florida Bar No. 768235
Primary Email:  khyde@foley.com
Secondary Email:  dgalloway@foley.com
Jonathan W. Oliff, Florida Bar No. 0496197
Primary Email:  joliff@foley.com
Secondary Email:  jbarr@foley.com
**FOLEY & LARDNER LLP**
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
P. O. Box 240
Jacksonville, FL 32201-0240

904.359.2000 (Telephone)
904.359.8700 (Facsimile)

Attorneys for Defendants ThinkDirect
Marketing Group, Inc., Thomas H. Ripley,
Dennis Cahill, Pat Dall, and Dave Macey

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 11, 2014, I filed the foregoing with the Clerk of

Court and sent a copy via email to the following:

Christopher D. Gray, Esquire
Rachel L. Wood, Esquire
Florin Roebig, P.A.
777 Alderman Road
Palm Harbor, FL  34683

cdg@florinroebig.com
Laura@FlorinRoebig.com

Micah J. Ratner, Esquire
Adam S. Caldwell, Esquire
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC  20006-3401

micahratner@dwt.com
adamcaldwell@dwt.com

Reed L. Russell, Esquire
Phelps Dunbar LLP
100 South Ashley Drive; Suite 1900
Tampa, FL  33602-5311

Reed.russell@phelps.com
ferrantd@phelps.com
malkowsl@phelps.com

                                        /s/ Jonathan W. Oliff
                              Attorney

Case Number:14-004693-CI

Filing # 15045062 Electronically Filed 06/20/2014 10:14:14 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

MICHAEL SCALI, on
behalf of himself and
all others similarly situated,

     Plaintiff,

v.                         Case No.

THINKDIRECT MARKETING GROUP, INC.,
a/k/a or formerly known as AGORA
MARKETING SOLUTIONS, INC. a/k/a or
formerly known as SPECIAL DATA PROCESSING
CORPORATION a/k/a or formerly known as
NATIONAL MAGAZINE EXCHANGE,
BLACKSTREET CAPITAL MANAGEMENT, LLC,
THOMAS H. RIPLEY, Individually,
DENNIS CAHILL, Individually,
PAT DALL, Individually, and
DAVE MACEY, Individually,

     Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL SCALI ("Plaintiff"), on behalf of himself and all others

similarly situated, hereby sues Defendants, THINKDIRECT MARKETING GROUP, INC.,

a/k/a or formerly known as AGORA MARKETING SOLUTIONS, INC. a/k/a or formerly

known as SPECIAL DATA PROCESSING CORPORATION a/k/a or formerly known as

NATIONAL MAGAZINE EXCHANGE, BLACKSTREET CAPITAL MANAGEMENT,

LLC, THOMAS H. RIPLEY, Individually, DENNIS CAHILL, Individually, PAT DALL,

Individually, and DAVE MACEY, Individually, ("Defendants") and states as follows:

## INTRODUCTION

1.      This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"), to recover unpaid overtime wages, and liquidated damages owed to Plaintiffs and all other current and former employees of Defendants that are similarly situated.

## JURISDICTION, VENUE AND PARTIES

2.      This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

3.      Defendant, THINKDIRECT, is a Florida Corporation, engaged in substantial and not isolated business activities within the State of Florida.   At all times material, Defendant, THINKDIRECT, is an employer as defined by the Act.

4.      Defendant, THINKDIRECT, is a successor in interest corporation to Defendant, AGORA.

5.      Defendant, AGORA, is a successor in interest corporation to Defendant, SDP.

6.      Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC, is a Foreign Corporation, engaged in substantial and not isolated business activities within the State of Florida.  Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC through ACCC Acquisition, LLC owns the majority stock in THINKDIRECT MARKETING GROUP, INC.

7.      Defendant, THOMAS H. RIPLEY, was the Operating Partner of Defendants, BLACKSTREET   CAPITAL   MANAGEMENT,   LLC,   Director   of   Defendant, THINKDIRECT, and serves as President of Defendant, THINKDIRECT.

8.      At all times material hereto Defendant, THOMAS H. RIPLEY, was an officer of Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC and had direct responsibility and organizational control over the compensation paid to employees of the organization.

9.      Defendant, DENNIS CAHILL, was the Operating Partner of Defendants, BLACKSTREET CAPITAL MANAGEMENT, BLACKSTREET INVESTORS, BLACKSTREET ADVISORS and BLACKSTREET ADVISORS II; and Executive Chairman of Defendant, THINKDIRECT.

10.     At all times material hereto Defendant, DENNIS CAHILL, was an officer of Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC and had direct responsibility and organizational control over the compensation paid to employees of the organization.

11.     At all times material hereto Defendant, PAT DALL, was an officer of Defendants THINKDIRECT MARKETING GROUP, INC. and had direct responsibility and organizational control over the compensation paid to employees of the organization.

12.     At all times material hereto Defendant, DAVE MACEY, was an officer of Defendant, THINKDIRECT MARKETING GROUP, INC. and had direct responsibility and organizational control over the compensation paid to employees of the organization.

13.     At all times material hereto Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC are joint employers and/or a common enterprise.

14.     Plaintiffs are currently unaware of the identities of all defendants who may be liable for the FLSA violations alleged herein.   If additional Defendants are ascertained, Plaintiffs will seek leave of Court to amend this Complaint to substitute the true names and capacities of said defendants, along with corresponding allegations.

15.     Plaintiff, MICHAEL SCALI, is an adult and a resident of Hernando County, Florida.

16.     Plaintiff, MICHAEL SCALI, was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

### FACTUAL ALLEGATIONS

17.     Plaintiff, MICHAEL SCALI, is employed in a home agent telesales position for Defendants.   Defendants' home agent positions include Subscription Sales Associates ("SSA"), Customer Retention Associates ("CRA"), Verification Associates ("VA"), XLM Sales Associates ("XLM") and other similarly-named positions.

18.     Defendants had, and still have, a practice of automatically placing all home agent telesales employees in statuses on Defendants' software system that results in Plaintiffs receiving no compensation during periods of inactivity of twenty (20) minutes or less.

19.     In addition to the automatic status changes, Defendants consistently and routinely failed to compensate home agent telesales employees, including Plaintiffs, for all breaks lasting twenty (20) minutes or less.

20.     Home agent telesales employees, including Plaintiffs, are also routinely placed in an "undefined" status, which results in no compensation.

21.    In order to be prepared to take the first phone call of their shift, home agent telesales employees, including Plaintiffs, are required to arrive prior to the start time of their shift in order to prepare their computers and workstations. However, Defendants do not compensate home agent telesales employees, including Plaintiffs, for this pre-shift work.

22.    Home agent telesales employees, including Plaintiffs, are required to meet a weekly phone hour requirement. If home agent telesales employees, including Plaintiffs, fail to meet the weekly phone hour requirement, their hourly wage is reduced to minimum wage and they do not receive bonuses or commissions. The result of Defendants' consistent unlawful pay practices is home agent telesales employees, including Plaintiffs, are unable to meet their weekly phone hour requirements and routinely and customarily have their pay reduced to minimum wage and do not receive bonuses and commissions.

23.    As a result of Defendants' failure to properly pay Plaintiffs for all hours worked, Plaintiffs worked hours in excess of forty (40) hours in a work week and were not paid at a rate of time and one half their regular rate of pay.

### COUNT I – UNPAID OVERTIME

24.    Plaintiff realleges paragraphs one (1) through twenty-three (23) as though set forth fully herein.

25.    Plaintiff, and all others similarly situated, were and are paid hourly by Defendants and are not exempt from the right to receive overtime pay under the FLSA. Therefore, they are entitled to be paid overtime compensation for all overtime hours worked.

26.    Throughout their employment with Defendants, Plaintiff, and all others similarly situated, worked in excess of forty (40) hours per week, for which they were not

compensated at the overtime rate.

27.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and at a rate of not less than 1½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

28.     Plaintiff, and all others similarly situated, are entitled to be paid overtime compensation for all overtime hours worked.

29.     Defendants' failure to pay Plaintiff, and all others similarly situated, overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates and continues to violate the FLSA, 29 U.S.C. §§201 *et. seq.,* including 29 U.S.C. § 207.

30.     Defendants have failed to make, keep and preserve records with respect to Plaintiff, and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.,* including 29 U.S.C. §211(c) and §215(a).

31.     Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.

32.     As a direct result of Defendants' violations of the FLSA, Plaintiff, and all others similarly situated, suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

33.     WHEREFORE, Plaintiff, MICHAEL SCALI, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime

compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

### COUNT II - FLSA COLLECTIVE ACTION

34.     Plaintiffs reallege paragraphs one (1) through thirty-three (33) as though set forth fully herein.

35.     The claim for violation of the FLSA is brought pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

36.     At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

37.     Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in a home agent telesales or similar position during the applicable statute of limitations, who have not been compensated at 1½ times the regular rate of pay for all work performed in excess of forty (40) hours per work week, and for Defendants' failure to maintain and preserve payroll

records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

38.     Treatment of this case as a collective action is proper because all employees employed in a home agent telesales or similar position were subject to the same time keeping requirements, policies and practices alleged herein.

39.     Plaintiff and the class they seek to represent are similarly situated, were subject to substantially similar time-keeping requirements and pay provisions, utilized the same time-keeping system, and were subject to Defendants' common practice, policy or plan of failing to pay its home agent telesales employees for all hours worked and failing to pay overtime in violation of the FLSA.

40.     The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

41.     Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

42.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MICHAEL SCALI, individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law including designation of this action as a collective action on behalf of Plaintiff and all others similarly situated, judgment against Defendants for overtime compensation, liquidated damages,

prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

43.    Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury.

Dated this 20th day of June, 2014.

FLORIN ROEBIG, P.A.

/s/ Christopher D. Gray, Esquire
CHRISTOPHER D. GRAY, ESQUIRE
FL Bar No.: 902004
CDG@FlorinRoebig.com
glw@FlorinRoebig.com
RACHAEL L. WOOD, ESQUIRE
FL Bar No.: 54102
RWood@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff

Case Number:14-004693-CI

Filing # 15045062 Electronically Filed 06/20/2014 10:14:14 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE SIXTH   JUDICIAL CIRCUIT,
IN AND FOR PINELLAS   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Michael Scali
Plaintiff
vs.
ThinkDirect Marketing Group, Inc., Blackstreet Capital Management, LLC, Thomas H. Ripley, Individually, Dennis Cahill, Individually, Pat Dall, Individually, Dave Macey, Individually
Defendant

**II.   TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
　☐ Business governance
　☐ Business torts
　☐ Environmental/Toxic tort
　☐ Third party indemnification
　☐ Construction defect
　☐ Mass tort
　☐ Negligent security
　☐ Nursing home negligence
　☐ Premises liability – commercial
　☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　☐ Commercial foreclosure $0 - $50,000
　☐ Commercial foreclosure $50,001 - $249,999
　☐ Commercial foreclosure $250,000 or more
　☐ Homestead residential foreclosure $0 – 50,000
　☐ Homestead residential foreclosure $50,001 - $249,999
　☐ Homestead residential foreclosure $250,000 or more
　☐ Non-homestead residential foreclosure $0 - $50,000
　☐ Non-homestead residential foreclosure $50,001 - $249,999
　☐ Non-homestead residential foreclosure $250,00 or more

☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
　☐ Malpractice – business
　☐ Malpractice – medical
　☐ Malpractice – other professional
☒ Other
　☐ Antitrust/Trade Regulation
　☐ Business Transaction
　☒ Circuit Civil - Not Applicable
　☐ Constitutional challenge-statute or ordinance
　☐ Constitutional challenge-proposed amendment
　☐ Corporate Trusts
　☐ Discrimination-employment or other
　☐ Insurance claims
　☐ Intellectual property
　☐ Libel/Slander
　☐ Shareholder derivative action
　☐ Securities litigation
　☐ Trade secrets
　☐ Trust litigation

III.  **REMEDIES SOUGHT** (check all that apply):
    ☒   Monetary;
    ☒   Non-monetary
    ☒   Non-monetary declaratory or injunctive relief;
    ☐   Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

    <u>2</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    ☒   No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☐   No
    ☒   Yes – If "yes" list all related cases by name, case number and court:

    <u>3</u>

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒   Yes
    ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Christopher D Gray</u>           FL Bar No.:  <u>902004</u>
      Attorney or party               (Bar number, if attorney)

    <u>Christopher D Gray</u>           <u>06/20/2014</u>
      (Type or print name)              Date

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

Michael Scali, on behalf of himself and all
others similarly situated,

       Plaintiff,

vs.

ThinkDirect Marketing Group, Inc., a/k/a or
f/k/a Agora Marketing Solutions, Inc. a/k/a or
formerly known as Special Data Processing
Corporation a/k/a or formerly known as
National Magazine Exchange, Blackstreet
Capital Management, LLC, Thomas H. Ripley,
Individually, Dennis Cahill, Individually, Pat
Dall, Individually, and Dave Macey,
Individually

       Defendants.

_____ /

Case No. 14-004693-CI

## DEFENDANT BLACKSTREET CAPITAL MANAGEMENT, LLC'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW, Defendant Blackstreet Capital Management, LLC ("BCM"), by and through undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.140(b)(2), and hereby moves the Court to enter an Order dismissing Plaintiff's Complaint against BCM in its entirety.

1.     In support of its motion to dismiss for lack of personal jurisdiction under Rule 1.140(b)(2), BCM would show as follows.

2.     Plaintiff offers only a conclusory allegation, without factual support, that BCM is "a Foreign Corporation, engaged in substantial and not isolated business activities within the State of Florida." (Compl. ¶ 6.) In fact, BCM is not subject to personal jurisdiction in Florida.

Plaintiffs in a related case represented by the same counsel and against these same defendants filed a practically identical complaint, and after BCM removed it to the United States District Court for the Middle District of Florida, Tampa Division, Judge James S. Moody, Jr. held that BCM was not subject to personal jurisdiction in Florida.  *See Heidbrink v. ThinkDirect Marketing Grp., Inc.*, No. 8:14-cv-1232-T-30AEP, 2014 WL 3585698, at *1 (M.D. Fla. July 21, 2014) (granting BCM's motion to dismiss for lack of personal jurisdiction, stating "[u]nder the applicable law, Plaintiffs have not met their burden to establish personal jurisdiction over Blackstreet.").  This Court should find the same here.

3.      BCM has no physical presence in Florida and has no other contacts with Florida that would justify an exercise of personal jurisdiction over it in this case.  *Heidbrink*, 2014 WL 3585698, at *2-4.  BCM is a company located in Chevy Chase, Maryland that provides high-level monitoring, restructuring and advisory services to companies as an independent contractor pursuant to a contract for BCM's services.  BCM is a Delaware limited liability company.  BCM does not have an office in Florida.  BCM does not own real property in Florida.  BCM does not have a registered agent for service of process in Florida and has never filed suit in Florida.  BCM does not maintain any records in Florida and has never opened a bank account in Florida.  BCM has never paid, or been required to pay, taxes in Florida.  Plaintiff cannot demonstrate that BCM has continuous and systematic contacts with Florida to justify an exercise of general jurisdiction over BCM in this case.  *See id.* at *2 (finding that "Plaintiffs do not point to any evidence tending to show that Blackstreet engaged in continuous and systematic contacts with Florida.").

4.      Although BCM has entered into contracts with ThinkDirect and a Florida entity under which BCM provides these entities with financial and advisory services, these contracts were executed in Maryland and are governed by Maryland law, and BCM's provision of services

1

under the contracts is insufficient to constitute systematic or continuous activities that would subject BCM to general jurisdiction in Florida. *See id.* (stating that "Such contracts and services are insufficient to constitute systematic, continuous, or substantial activities that would render Blackstreet subject to general jurisdiction in Florida.").

5.     Similarly, the allegation that "Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC through ACCC Acquisition, LLC owns the majority of stock in THINKDIRECT MARKETING GROUP, INC." (Compl. ¶ 6), which BCM would dispute, is insufficient to establish personal jurisdiction over BCM in Florida, even if the allegation were true. Under Florida law, a company is not subject to personal jurisdiction merely by indirectly owning stock in another company with offices located in Florida. *See Heidbrink*, 2014 WL 3585698, at *3 ("Florida law is clear that the relationship of parent-subsidiary alone is insufficient to confer personal jurisdiction over the foreign parent corporation in the forum in which the subsidiary acts.") (collecting cases under Florida law).

6.     Further, Plaintiff's allegation that Mr. Ripley and Mr. Cahill are both "Operating Partner[s]" of BCM and officers of ThinkDirect does not subject BCM to personal jurisdiction. (Compl. ¶¶ 7-10.) Indeed, although Plaintiff never defines what he means by the phrase "Operating Partner," even if Plaintiff alleged that the BCM had interlocking officers with a company located in Florida (which BCM does not have and which Plaintiff has not alleged), even that allegation would be insufficient to confer personal jurisdiction on BCM under Florida law. *See Heidbrink*, 2014 WL 3585698, at *3 (finding allegations of a parent-subisidiary relationship and shared officers or partners do not give rise to personal jurisdiction, stating that "'[th]e sharing of officers and directors, standing alone, does not impute day-to-day control to

2

the parent corporation.'") (quoting *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 WL 5830590, at *5 (M.D. Fla. Nov. 16, 2012)) (alterations original).

7.      In fact, Mr. Ripley and Mr. Cahill are not employees of BCM.  Mr. Cahill and Mr. Ripley are employees of ThinkDirect.

8.      Finally, contrary to Plaintiff's conclusory and unsupported allegation that "[a]t all times material hereto Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC are joint employers and/or a common enterprise" (Compl. ¶ 13), no employee of BCM resides or works in Florida.  Plaintiff's allegation is also insufficient as a matter of law to establish specific jurisdiction, much less general jurisdiction.  *See Heidbrink*, 2014 WL 3585698, at *4 ("Plaintiffs' argument that Blackstreet and ThinkDirect are joint employers is also without merit.  A joint employer theory is relevant to establish liability against a defendant under the FLSA; it is not relevant to establish specific jurisdiction under Florida's long-arm statute.").

9.      Plaintiff does not allege that BCM is subject to specific jurisdiction under Florida's long-arm statute.  Even if he did, the facts he alleges do not confer specific jurisdiction over BCM in Florida.  *See id.* at *2-4 (rejecting grounds for specific jurisdiction plaintiffs raised in opposition to the motion to dismiss, stating that "the Court concludes that it does not have specific jurisdiction over Blackstreet.").  Nor has Plaintiff alleged a basis upon which exercising specific jurisdiction over BCM would comport with due process or be reasonable.  *See id.* at *4 ("Even assuming that Plaintiffs established personal jurisdiction over Blackstreet under Florida's long-arm statute, Blackstreet lacks sufficient contacts to meet the Constitutional analysis. Indeed, the evidence establishes that Blackstreet should *not* reasonably anticipate being haled into court in Florida.").

10.     Plaintiff fails to allege facts demonstrating any basis to confer personal jurisdiction over BCM in this case.

11.     For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety as to Defendant BCM.

WHEREFORE, Defendant Blackstreet Capital Management, LLC ("BCM") respectfully requests this Court to enter an Order dismissing Plaintiff's Complaint and awarding BCM all costs and attorneys' fees incurred in defending this action, together with such other and further relief as this Court deems just and appropriate.

Dated this  7th    th day of August, 2014.

s/ Reed L. Russell
Reed L. Russell
Phelps Dunbar LLP
100 South Ashley Drive
Suite 1900
Tampa, FL  33602-5311
813-472-7589
Reed.russell@phelps.com

*Attorneys for Defendant Blackstreet Capital Management, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal which will send a notice of electronic filing and copy to all parties of record, and served via U.S. mail on August 7, 2014 to the following:

| | |
|---|---|
| Christopher D. Gray, Esquire | Kevin E. Hyde, Esquire |
| Rachel L. Wood, Esquire | Jonathan W. Oliff, Esquire |
| Florin Roebig, P.A. | Foley & Lardner LLP |
| 777 Alderman Road | One Independent Drive, Suite 1300 |
| Palm Harbor, FL  34683 | Jacksonville, FL 32202-5017 |
| 727-786-5000 | 904-359-2000 |
| 727-772-9833 (FAX) | 904-359-8700 (FAX) |
| CDG@FlorinRoebig.com | khyde@foley.com |
| RWood@FlorinRoebig.com | joliff@foley.com |

*Attorneys for Plaintiff*                    *Attorneys for ThinkDirect Marketing Group, Inc., Thomas H. Ripley, Dennis Cahill, Pat Dall, and Dave Macey*

s/ Reed L. Russell
Reed L. Russell

PD.11985547.1

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

Michael Scali, on behalf of himself and
all others similarly situated,

      Plaintiff,

vs.

ThinkDirect Marketing Group, Inc., a/k/a or
formerly known as Agora Marketing
Solutions, Inc. a/k/a or formerly known as      Case No. 14-004693-CI
Special Data Processing Corporation a/k/a or
formerly known as National Magazine
Exchange, Blackstreet Capital Management,
LLC, Thomas H. Ripley, Individually, Pat
Dall, Individually, and Dave Macey,
Individually,

      Defendants.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

To:     Christopher D. Gray, Esquire
        Rachel L. Wood, Esquire
        Florin Roebig, P.A.
        777 Alderman Road
        Palm Harbor, FL  34683

        Clerk of the Circuit Court
        Sixth Judicial Circuit
        Pinellas County, Florida
        315 Court Street
        Clearwater, FL  33756

    PLEASE TAKE NOTICE that Defendants, ThinkDirect Marketing Group, Inc., a/k/a or

formerly known as Agora Marketing Solutions, Inc., a/k/a or formerly known as Special Data

Processing Corporation, a/k/a or formerly known as National Magazine Exchange

("ThinkDirect"), Thomas H. Ripley, Dennis Cahill, Pat Dall, and Dave Macey, (collectively

"Defendants"), on the 11th day of August, 2014, submitted to the United States District Court for

1

the Middle District of Florida, Tampa Division, a Notice of Removal in the above-styled action

pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.  A

copy of the Notice of Removal is attached hereto as Exhibit A.

In accordance with 28 U.S.C. §1446(d), the filing of this Notice of Removal "shall effect

the removal and the State court shall proceed no further...."

Further, this Removal is made with full reservation of all rights of Defendants and a copy

of the Notice of Removal is hereby served upon you herewith.

Dated this 11th day of August, 2014.

_____
Kevin E. Hyde, Florida Bar No. 0768235
khyde@foley.com (Primary email)
dgalloway@foley.com (Secondary email)
Jonathan W. Oliff, Florida Bar No. 0496197
joliff@foley.com (Primary email)
jbarr@foley.com (Secondary email)
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
P. O. Box 240
Jacksonville, FL 32201-0240
Telephone:  904.359.2000
Facsimile:  904.359.8700

Attorneys for Defendant ThinkDirect
Marketing Group, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2014 I served the forgoing via email to the

following:

Christopher D. Gray, Esquire
Rachel L. Wood, Esquire
Florin Roebig, P.A.
777 Alderman Road
Palm Harbor, FL  34683

cdg@florinroebig.com
Laura@FlorinRoebig.com

Micah J. Ratner, Esquire
Adam S. Caldwell, Esquire
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC  20006-3401

micahratner@dwt.com
adamcaldwell@dwt.com

Reed L. Russell, Esquire
Phelps Dunbar LLP
100 South Ashley Drive; Suite 1900
Tampa, FL  33602-5311

Reed.russell@phelps.com
ferrantd@phelps.com
malkowsl@phelps.com

_____
Jonathan W. Oliff

3

Skip to Main Content Logout My Account My Cases Search Menu New Civil Search Refine Search  Back          Location : Pinellas County   Help

# REGISTER OF ACTIONS

## CASE NO. 14-004693-CI

| | |
|---|---|
| **MICHAEL SCALI Vs. THINKDIRECT MARKETING GROUP INC, et al** §<br>§<br>§<br>§<br>§<br>§ | Case Type: **OTHER CIVIL - CIRCUIT**<br>Date Filed: **06/20/2014**<br>Location: **Section 15**<br>Judicial Officer: **SCHAFER, WALTER L, JR**<br>UNIFORM CASE NUMBER: **522014CA004693XXCICI** |

---

## PARTY INFORMATION

**Attorneys**

**DEFENDANT**   **BLACKSTREET CAPITAL MANAGEMENT LLC**
C/O INCORPORATING SERVICES, LTD.,
REGISTERED AGENT 3500 S. DUPONT HWY
DOVER, DE 19901

**DEFENDANT**   **CAHILL, DENNIS  INDIVIDUALLY**
8285 BRYAN DAIRY ROAD #150
LARGO, FL 33777

**DEFENDANT**   **DALL, PAT  INDIVIDUALLY**
8285 BRYAN DAIRY ROAD #150
LARGO, FL 33777

**DEFENDANT**   **MACEY, DAVE  INDIVIDUALLY**
8285 BRYAN DAIRY ROAD #150
LARGO, FL 33777

**DEFENDANT**   **RIPLEY, THOMAS H  INDIVIDUALLY**
8285 BRYAN DAIRY ROAD # 150
LARGO, FL 33777

**DEFENDANT**   **THINKDIRECT MARKETING GROUP INC**  *ALSO KNOWN AS*  **AGORA MARKETING SOLUTIONS INC**  *ALSO KNOWN AS*  **NATIONAL MAGAZINE EXCHANGE**  *ALSO KNOWN AS*  **SPECIAL DATA PROCESSING CORPORATION**
C/O KEVIN HYDE, ESQ. 1540 GLENWAY DR
TALLAHASSEE, FL 32301

**PLAINTIFF**   **SCALI, MICHAEL**  *ON BEHALF OF*  **ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**
C/O CHRISTOPHER GRAY, ESQ. AT FLORIN
ROEBIG, P.A. 777 ALDERMAN RD
PALM HARBOR, FL 34683

**CHRISTOPHER D GRAY**

FLORIN ROEBIG P A
777 ALDERMAN ROAD
PALM HARBOR, FL 34683

727-786-5000(W)

---

## EVENTS & ORDERS OF THE COURT

### OTHER EVENTS AND HEARINGS

| | |
|---|---|
| 07/28/2014 | **ATTACHMENT**<br>*SUMMONS* |
| 07/28/2014 | **ATTACHMENT**<br>*SUMMONS* |
| 07/28/2014 | **ATTACHMENT**<br>*SUMMONS* |
| 07/28/2014 | **ATTACHMENT**<br>*SUMMONS* |
| 07/28/2014 | **AFFIDAVIT/SERVICE OF PROCESS**<br>*072114 DAVE MASEY* |
| 07/28/2014 | **AFFIDAVIT/SERVICE OF PROCESS**<br>*072114 THOMAS H RIPLEY* |
| 07/28/2014 | **AFFIDAVIT/SERVICE OF PROCESS**<br>*072114 DENNIS CAHILL* |
| 07/28/2014 | **AFFIDAVIT/SERVICE OF PROCESS**<br>*072114 PAT DALL* |
| 07/10/2014 | **SUMMONS TO BE ISSUED (SUBSEQUENT PLEADINGS)**<br>*ISSUED 7/15/14 FOR BLACKSTREET CAPITAL MGMT LLC* |
| 07/10/2014 | **SUMMONS TO BE ISSUED (SUBSEQUENT PLEADINGS)** |

---

| | | | | |
|---|---|---|---|---|
| | *ISSUED 7/15/14 FOR DENNIS CAHILL* | | | |
| 07/10/2014 | **SUMMONS TO BE ISSUED (SUBSEQUENT PLEADINGS)** | | | |
| | *ISSUED 7/15/14 FOR PAT DALL* | | | |
| 07/10/2014 | **SUMMONS TO BE ISSUED (SUBSEQUENT PLEADINGS)** | | | |
| | *ISSUED 7/15/14 FOR DAVE MACEY* | | | |
| 07/10/2014 | **SUMMONS TO BE ISSUED (SUBSEQUENT PLEADINGS)** | | | |
| | *ISSUED 7/15/14 FOR THOMAS H RIPLEY* | | | |
| 07/10/2014 | **SUMMONS TO BE ISSUED (SUBSEQUENT PLEADINGS)** | | | |
| | *ISSUED 7/15/14 FOR THINKDIRECT MARKETING GROUP INC* | | | |
| 06/20/2014 | **CIVIL COVER SHEET - E-FILED** | | | |
| 06/20/2014 | **COMPLAINT** | | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** SCALI, MICHAEL | | | |
| | Total Financial Assessment | | | 533.50 |
| | Total Payments and Credits | | | 533.50 |
| | **Balance Due as of 08/08/2014** | | | **0.00** |
| 06/23/2014 | Transaction Assessment | | | 462.50 |
| 06/23/2014 | E-FILE PAYMENT | Receipt # EF-2014-21872 | SCALI, MICHAEL | (462.50) |
| 06/24/2014 | Transaction Assessment | | | 11.00 |
| 06/24/2014 | Counter Payment | Receipt # CV-2014-37870 | CHOICE COURIERS | (11.00) |
| 07/17/2014 | Transaction Assessment | | | 60.00 |
| 07/17/2014 | Counter Payment | Receipt # CV-2014-41864 | SCALI, MICHAEL | (60.00) |