Case Number:14-004693-CI

Filing # 15045062 Electronically Filed 06/20/2014 10:14:14 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

MICHAEL SCALI, on
behalf of himself and
all others similarly situated,

    Plaintiff,

v.                                                            Case No.

THINKDIRECT MARKETING GROUP, INC.,
a/k/a or formerly known as AGORA
MARKETING SOLUTIONS, INC. a/k/a or
formerly known as SPECIAL DATA PROCESSING
CORPORATION a/k/a or formerly known as
NATIONAL MAGAZINE EXCHANGE,
BLACKSTREET CAPITAL MANAGEMENT, LLC,
THOMAS H. RIPLEY, Individually,
DENNIS CAHILL, Individually,
PAT DALL, Individually, and
DAVE MACEY, Individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL SCALI ("Plaintiff"), on behalf of himself and all others similarly situated, hereby sues Defendants, THINKDIRECT MARKETING GROUP, INC., a/k/a or formerly known as AGORA MARKETING SOLUTIONS, INC. a/k/a or formerly known as SPECIAL DATA PROCESSING CORPORATION a/k/a or formerly known as NATIONAL MAGAZINE EXCHANGE, BLACKSTREET CAPITAL MANAGEMENT, LLC, THOMAS H. RIPLEY, Individually, DENNIS CAHILL, Individually, PAT DALL, Individually, and DAVE MACEY, Individually, ("Defendants") and states as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"), to recover unpaid overtime wages, and liquidated damages owed to Plaintiffs and all other current and former employees of Defendants that are similarly situated.

## JURISDICTION, VENUE AND PARTIES

2. This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

3. Defendant, THINKDIRECT, is a Florida Corporation, engaged in substantial and not isolated business activities within the State of Florida. At all times material, Defendant, THINKDIRECT, is an employer as defined by the Act.

4. Defendant, THINKDIRECT, is a successor in interest corporation to Defendant, AGORA.

5. Defendant, AGORA, is a successor in interest corporation to Defendant, SDP.

6. Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC, is a Foreign Corporation, engaged in substantial and not isolated business activities within the State of Florida. Defendant, BLACKSTREET CAPITAL MANAGEMENT, LLC through ACCC Acquisition, LLC owns the majority stock in THINKDIRECT MARKETING GROUP, INC.

7. Defendant, THOMAS H. RIPLEY, was the Operating Partner of Defendants, BLACKSTREET CAPITAL MANAGEMENT, LLC, Director of Defendant, THINKDIRECT, and serves as President of Defendant, THINKDIRECT.

8. At all times material hereto Defendant, THOMAS H. RIPLEY, was an officer of Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC and had direct responsibility and organizational control over the compensation paid to employees of the organization.

9. Defendant, DENNIS CAHILL, was the Operating Partner of Defendants, BLACKSTREET CAPITAL MANAGEMENT, BLACKSTREET INVESTORS, BLACKSTREET ADVISORS and BLACKSTREET ADVISORS II; and Executive Chairman of Defendant, THINKDIRECT.

10. At all times material hereto Defendant, DENNIS CAHILL, was an officer of Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC and had direct responsibility and organizational control over the compensation paid to employees of the organization.

11. At all times material hereto Defendant, PAT DALL, was an officer of Defendants THINKDIRECT MARKETING GROUP, INC. and had direct responsibility and organizational control over the compensation paid to employees of the organization.

12. At all times material hereto Defendant, DAVE MACEY, was an officer of Defendant, THINKDIRECT MARKETING GROUP, INC. and had direct responsibility and organizational control over the compensation paid to employees of the organization.

13. At all times material hereto Defendants, THINKDIRECT MARKETING GROUP, INC. and BLACKSTREET CAPITAL MANAGEMENT, LLC are joint employers and/or a common enterprise.

14. Plaintiffs are currently unaware of the identities of all defendants who may be liable for the FLSA violations alleged herein. If additional Defendants are ascertained, Plaintiffs will seek leave of Court to amend this Complaint to substitute the true names and capacities of said defendants, along with corresponding allegations.

15. Plaintiff, MICHAEL SCALI, is an adult and a resident of Hernando County, Florida.

16. Plaintiff, MICHAEL SCALI, was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

17. Plaintiff, MICHAEL SCALI, is employed in a home agent telesales position for Defendants. Defendants' home agent positions include Subscription Sales Associates ("SSA"), Customer Retention Associates ("CRA"), Verification Associates ("VA"), XLM Sales Associates ("XLM") and other similarly-named positions.

18. Defendants had, and still have, a practice of automatically placing all home agent telesales employees in statuses on Defendants' software system that results in Plaintiffs receiving no compensation during periods of inactivity of twenty (20) minutes or less.

19. In addition to the automatic status changes, Defendants consistently and routinely failed to compensate home agent telesales employees, including Plaintiffs, for all breaks lasting twenty (20) minutes or less.

20. Home agent telesales employees, including Plaintiffs, are also routinely placed in an "undefined" status, which results in no compensation.

21. In order to be prepared to take the first phone call of their shift, home agent telesales employees, including Plaintiffs, are required to arrive prior to the start time of their shift in order to prepare their computers and workstations. However, Defendants do not compensate home agent telesales employees, including Plaintiffs, for this pre-shift work.

22. Home agent telesales employees, including Plaintiffs, are required to meet a weekly phone hour requirement. If home agent telesales employees, including Plaintiffs, fail to meet the weekly phone hour requirement, their hourly wage is reduced to minimum wage and they do not receive bonuses or commissions. The result of Defendants' consistent unlawful pay practices is home agent telesales employees, including Plaintiffs, are unable to meet their weekly phone hour requirements and routinely and customarily have their pay reduced to minimum wage and do not receive bonuses and commissions.

23. As a result of Defendants' failure to properly pay Plaintiffs for all hours worked, Plaintiffs worked hours in excess of forty (40) hours in a work week and were not paid at a rate of time and one half their regular rate of pay.

## COUNT I – UNPAID OVERTIME

24. Plaintiff realleges paragraphs one (1) through twenty-three (23) as though set forth fully herein.

25. Plaintiff, and all others similarly situated, were and are paid hourly by Defendants and are not exempt from the right to receive overtime pay under the FLSA. Therefore, they are entitled to be paid overtime compensation for all overtime hours worked.

26. Throughout their employment with Defendants, Plaintiff, and all others similarly situated, worked in excess of forty (40) hours per week, for which they were not

compensated at the overtime rate.

27. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and at a rate of not less than 1½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

28. Plaintiff, and all others similarly situated, are entitled to be paid overtime compensation for all overtime hours worked.

29. Defendants' failure to pay Plaintiff, and all others similarly situated, overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates and continues to violate the FLSA, 29 U.S.C. §§201 *et. seq.*, including 29 U.S.C. § 207.

30. Defendants have failed to make, keep and preserve records with respect to Plaintiff, and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. §211(c) and §215(a).

31. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.

32. As a direct result of Defendants' violations of the FLSA, Plaintiff, and all others similarly situated, suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

33. WHEREFORE, Plaintiff, MICHAEL SCALI, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime

compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## COUNT II - FLSA COLLECTIVE ACTION

34. Plaintiffs reallege paragraphs one (1) through thirty-three (33) as though set forth fully herein.

35. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

36. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

37. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in a home agent telesales or similar position during the applicable statute of limitations, who have not been compensated at 1½ times the regular rate of pay for all work performed in excess of forty (40) hours per work week, and for Defendants' failure to maintain and preserve payroll

records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

38. Treatment of this case as a collective action is proper because all employees employed in a home agent telesales or similar position were subject to the same time keeping requirements, policies and practices alleged herein.

39. Plaintiff and the class they seek to represent are similarly situated, were subject to substantially similar time-keeping requirements and pay provisions, utilized the same time-keeping system, and were subject to Defendants' common practice, policy or plan of failing to pay its home agent telesales employees for all hours worked and failing to pay overtime in violation of the FLSA.

40. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

41. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

42. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MICHAEL SCALI, individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law including designation of this action as a collective action on behalf of Plaintiff and all others similarly situated, judgment against Defendants for overtime compensation, liquidated damages,

prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

43. Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury.

Dated this 20th day of June, 2014.

        **FLORIN ROEBIG, P.A.**

        */s/ Christopher D. Gray, Esquire*
        **CHRISTOPHER D. GRAY, ESQUIRE**
        FL Bar No.: 902004
        CDG@FlorinRoebig.com
        glw@FlorinRoebig.com
        **RACHAEL L. WOOD, ESQUIRE**
        FL Bar No.: 54102
        RWood@FlorinRoebig.com
        777 Alderman Road
        Palm Harbor, Florida 34683
        Telephone No.: (727) 786-5000
        Facsimile No.: (727) 772-9833
        Attorneys for Plaintiff

Case Number:14-004693-CI

Filing # 15045062 Electronically Filed 06/20/2014 10:14:14 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

---

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Michael Scali</u>
Plaintiff
       vs.
<u>ThinkDirect Marketing Group, Inc., Blackstreet Capital Management, LLC, Thomas H. Ripley, Individually,</u>
<u>Dennis Cahill, Individually, Pat Dall, Individually, Dave Macey, Individually</u>
Defendant

---

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

\*\*\*ELECTRONICALLY FILED 6/20/2014 10:14:15 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY\*\*\*

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: ( )**
(Specify)

<u>2</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☐ No
- ☒ Yes – If "yes" list all related cases by name, case number and court:

<u>3</u>

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Christopher D Gray</u>          FL Bar No.: <u>902004</u>
       Attorney or party                              (Bar number, if attorney)

<u>Christopher D Gray</u>                          <u>06/20/2014</u>
   (Type or print name)                              Date